UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
*Electronically Filed*

| | |
|---|---|
| MARK BRACKETT,<br>DEBORAH BRACKETT, and<br>DOUG COOMER | **PLAINTIFFS** |
| v. | CIVIL ACTION NO. 1:20-cv-168-GNS<br>(Removed from Casey Circuit Court<br>Civil Action No. 20-CI-00097) |
| COLUMBIA GULF TRANSMISSION, LLC,<br>TRANSCANADA USA SERVICES INC.,<br>TRANSCANADA PIPELINE USA LTD,<br>and<br>TC ENERGY CORPORATION | **DEFENDANTS** |

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

Come the Plaintiffs, Mark Brackett, Deborah Brackett, and Doug Coomer, by counsel, and for their Complaint against the Defendants, Columbia Gulf Transmission, LLC ("Columbia Gulf"), TransCanada USA Services Inc. ("TransCanada USA"), TransCanada Pipeline USA LTD ("TransCanada Pipelines") and TC Energy Corporation ("TC Energy"), hereby state as follows:

**INTRODUCTION**

This is a Complaint seeking damages, injunctive relief, and declaratory relief from Defendants arising from the constant and intolerable noise, and the release of noxious pollutants and harmful odors, and nuisance conditions suffered by Plaintiffs as a direct and proximate result

of the Defendants' operation of its compressor station located at 170 Jackie Hollow Road, Liberty, Kentucky 42539. Plaintiffs are entitled to damages as a result of Defendants' actions.

## PARTIES

1. Plaintiffs, Mark and Deborah Brackett, are married residents of Casey County, Kentucky, residing and owning property at 728 Jackie Hollow Road, Liberty, Kentucky 42539.

2. Plaintiff, Doug Coomer, is a resident at 592 Forest Ridge Drive, Mt. Washington, Kentucky, 40047, owning property at 501 Jackie Hollow Road, Liberty, Kentucky 42539.

3. Defendant, Columbia Gulf Transmission, LLC, is a Foreign Limited Liability Company authorized to conduct business in the Commonwealth. Its principal office is located at 700 Louisiana Street, Suite 700, Houston, Texas 77002 with a Registered Agent of Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

4. Defendant, TransCanada USA Services Inc., is a for-profit, foreign corporation in good standing and authorized to conduct business in the Commonwealth. Its principal office is located at 700 Louisiana Street, Suite 700, Houston, Texas 77002-2700 with a Registered Agent of Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

5. Defendant, TransCanada Pipeline USA LTD, is a for-profit foreign corporation not registered to do business in Kentucky. TransCanada Pipelines' registered agent is Corporation Service Company, 112 North Curry Street, Carson City, NV 89703.

6. Defendant, TC Energy Corporation, is a for-profit foreign corporation not registered to do business in Kentucky. TC Energy's registered agent is TC Energy Corporation, 450-1 Street S.W., Calgary, Alberta T2P 5-5H1, Canada.

7. Columbia Gulf, TransCanada USA, and TransCanada Pipelines are all subsidiaries of TC Energy.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1441. The action was originally brought in Casey Circuit Court, but was removed to federal district court in accordance with 28 U.S.C. §1332(a).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and a substantial part of property that is the subject of the action is situated in this judicial district.

## FACTS

10. Plaintiffs own the property at 728 Jackie Hollow Road and 501 Jackie Hollow Road, Liberty, Kentucky 42539, located off Highway 551, in Western Casey County. The properties are located in an area surrounded by agricultural farms and single-family homes.

11. Based on information and belief, the Defendants own, operate, or maintain the compressor station ("Clementsville Station") for their Columbia Gulf natural gas pipeline located in close proximity to Plaintiffs' homes, at 170 Jackie Hollow Road, Liberty, Kentucky 42539.

12. Based on information and belief, the Defendants made operational and/or structural changes to Clementsville Station on or after September 5, 2019 in a way that significantly and unreasonably increased noise, vibration, and odor levels.

13. Compressor stations are above-ground facilities located every 50-100 miles along natural gas transmission pipelines. As part of the transmission of natural gas, the stations compress natural gas to maintain pressure to support the transportation of natural gas from one location to another.

14. Compressor stations release natural gas and other emissions intentionally as part of normal operations and during planned maintenance. Compressor stations can cause intolerable and unreasonable noise and vibrations, and can emit harmful pollutants if not properly maintained and operated.

15. The noise and vibrations from the compressor station became intolerable and unreasonable on or after September 5, 2019. The intolerable and unreasonable noise and vibrations recur on a day-to-day basis, and constitute an unreasonable interference with the use and enjoyment of the Plaintiffs' property.

16. The Clementsville Compressor Station consistently operates at a sound intensity level of more than 70 dB as measured on Plaintiffs' property.

17. The compressor station also produces intolerable and unreasonable odors. These intolerable and unreasonable odors also began on or after September 5, 2019. The intolerable and unreasonable odors recur on a day-to-day basis.

18. The noise, vibrations, and odors occurred at all times of the day and night, and are so excessive as to have caused extensive injury to Plaintiffs, their property, and their use and enjoyment of the property. Plaintiffs' sleep is disturbed, their ability to work is compromised by lack of sleep and annoyance, doors and windows cannot be opened to provide ventilation throughout the home, they are unable to participate in activities outdoors (including outdoor walks with each other), they cannot maintain their property

outdoors, they cannot invite friends and family to their home, their ability to conduct conversations is impaired, and their overall physical health and well-being has been impaired.

19. The noise, vibrations, and odors also impair the physical health and wellbeing of the public-at-large, and cause damage to the public-at-large, public property, and to surrounding residents and property owners and their properties.

20. Plaintiffs have complained several times to representatives of Defendants, have met with those representatives several times, and attempted to work with the representatives to address the noise, vibration, and odor conditions. However, the intolerable and unreasonable noise, vibrations, and odors continue through the date of this Amended Complaint.

## COUNT I: PRIVATE NUISANCE

21. The above numbered paragraphs are incorporated herein as if set forth fully below.

22. The Defendants' operation of the compressor station at 170 Jackie Hollow Road, Liberty, Kentucky 42539 has caused intolerable and unreasonable noise and vibrations and the release of noxious odors and impurities into the atmosphere, resulting in unreasonable and substantial annoyance to Plaintiffs.

23. These actions have unreasonably and substantially interfered with the use and enjoyment of Plaintiffs' properties.

24. By reason of these conditions, Plaintiffs have experienced a significant diminution in value of the use and/or the fair market value of their properties.

25. By reason of those conditions the value of use and/or rental value of said Plaintiffs' properties have been materially reduced.

26. By reason of those conditions, Plaintiffs have been personally injured and suffered emotional distress.

27. This private nuisance is a continuing nuisance, as it involves a continuing or repeated injury to Plaintiffs.

28. Defendants have committed a private nuisance in accordance with the statutory provisions found in KRS 411.520 to 411.550.

29. Based on the foregoing, per KRS 411.560, the Defendants are liable to Plaintiffs in an amount to be determined at trial, plus interest, penalties and costs.

COUNT II: PUBLIC NUISANCE

30. The above numbered paragraphs are incorporated herein as if set forth fully below.

31. The Defendants' operation of the compressor station at 170 Jackie Hollow Road, Liberty, Kentucky 42539 has caused intolerable and unreasonable noise and vibrations and the release of noxious odors and impurities into the atmosphere, resulting in unreasonable and substantial annoyance to the public.

32. These actions have unreasonably and substantially interfered with the use and enjoyment of public property and property of other surrounding residents and property owners, including Plaintiffs.

33. By reason of these conditions, there is significant diminution in value of the use and/or the fair market value of public property and property of other surrounding residents and property owners, including Plaintiffs.

34. By reason of those conditions the value of use and/or rental value of and property of other surrounding residents and property owners, including Plaintiffs, has been materially reduced.

35. By reason of those conditions, the public and surrounding residents and property owners, including Plaintiffs, have been personally injured and suffered emotional distress.

36. Plaintiffs' injuries are different in kind than the public at large, as their close proximity to the compressor station causes them and their property to suffer unique damages, including more severe and intense noise, vibration, and odor damages then the public at large.

37. This public nuisance is a continuing nuisance, as it involves a continuing or repeated injury to Plaintiffs and the public at large.

38. Based on the foregoing, the Defendants are liable to Plaintiffs in an amount to be determined at trial, plus interest, penalties and costs.

COUNT III: TRESPASS

39. The above numbered paragraphs are incorporated herein as if set forth fully below.

40. The Defendants' actions constitute a trespass where the noxious odors, particulates, other pollutants, noise, and vibrations resulting from the operation of its compressor station enter on the properties of the Plaintiffs causing injuries to the Plaintiffs where such trespass is without right or license and in violation of the exclusive property rights of the Plaintiffs.

41. Defendants' actions caused harm to Plaintiffs' land and to Plaintiffs' persons.

42. The trespasses were both intentional and/or negligent.

43. By reason of these conditions, Plaintiffs have experienced a significant diminution in value of the use of their properties as well as the fair market rental value of their properties.

44. The Defendants' actions constitute a continuing trespass, as it involves a continuing or repeated injury to Plaintiffs.

45. By reason of those conditions, the Plaintiffs have been personally injured and suffered emotional distress.

46. Based on the foregoing, the Defendant is liable to Plaintiffs in an amount to be determined at trial, plus interest, penalties and costs.

### COUNT IV: NEGLIGENCE

47. The above numbered paragraphs are incorporated herein as if set forth fully below.

48. The Defendants owe a duty of ordinary care to the Plaintiffs, and the Defendants have negligently breached their duties of ordinary care and caused injury to the Plaintiffs as a direct and proximate result of said negligence, and the Plaintiffs are entitled to compensation for the damages caused or contributed to the Plaintiffs by the negligence of the Defendants.

49. By reason of Defendants' actions, Plaintiffs' properties have been damaged.

50. By reason of Defendant's actions, Plaintiffs have been personally injured and suffered emotional distress.

51. The Defendants' actions constitute continuing negligence, as it involves a continuing or repeated injury to Plaintiffs.

52. The actions of the Defendants have caused pain and suffering to the Plaintiffs.

53. Based on the foregoing, the Defendants are liable to Plaintiffs in an amount to be determined at trial, plus interest, penalties and costs.

### COUNT V: NEGLIGENCE PER SE

54. The above numbered paragraphs are incorporated herein as if set forth fully below.

55. The Defendants are in violation of certain statutes, regulations, ordinances, and permits, which were written to prevent the harm, including, but not limited to, excessive noise pollution, caused by the operation of its Compressor Station at 170 Jackie Hollow Road, Liberty, Kentucky 42539.

56. Plaintiffs are within the class of persons for whose benefit the statutes, regulations, and ordinances were enacted, and the harm to Plaintiffs are the harms which the statutes, regulations and acts were designed to prevent. Plaintiffs are entitled to compensation for damages caused or contributed to by the negligence *per se* of the Defendants.

57. By reason of Defendants' actions, Plaintiffs' properties have been damaged.

58. By reason of Defendants' actions, Plaintiffs have been personally injured and suffered emotional distress.

59. The Defendants' actions constitute continuing negligence, as it involves a continuing or repeated injury to Plaintiffs.

60. The actions of the Defendants have caused and pain and suffering to the Plaintiffs.

61. Defendants are also liable for damages in accordance with KRS 446.070.

62. Based on the foregoing, the Defendants are liable to Plaintiffs in an amount to be determined at trial, plus interest, penalties and costs.

COUNT VI: BATTERY

63. The above numbered paragraphs are incorporated herein as if set forth fully below.

64. The Defendants' operation of its Compressor Station at 170 Jackie Hollow Road, Liberty, Kentucky 42539 has caused the unpermitted release of noxious odors, particulates, other pollutants and impurities into the air, causing them to enter on the properties of the Plaintiff, and unlawfully touching the Plaintiffs.

65. The Defendants' operation of its compressor station at 170 Jackie Hollow Road, Liberty, Kentucky 42539 has also caused intolerable noise and vibrations, causing physical impacts on Plaintiffs, and unlawful touching of the Plaintiffs.

66. This unpermitted touching was done intentionally or with wanton disregard for the Plaintiffs.

67. Plaintiffs, respectively, have never given consent to the Defendants to touch the Plaintiffs as described in the preceding paragraphs.

68. The Defendants' actions constitute a continuing tort, as it involves a continuing or repeated injury to Plaintiffs.

69. By reason of those conditions, Plaintiffs have been personally injured and suffered emotional distress.

70. Based on the foregoing, the Defendants are liable to Plaintiffs in an amount to be determined at trial, plus interest, penalties and costs.

### COUNT VII: STRICT LIABILITY

71. The above numbered paragraphs are incorporated herein as if set forth fully below.

72. The Defendants' operation of its compressor station at 170 Jackie Hollow Road, Liberty, Kentucky 42539, producing intolerable noise and vibrations, constitutes hazardous and dangerous activity and the release of impurities and other hazardous pollutants and dangerous materials into the air is inherently dangerous and Defendants are therefore strictly liable for any injury or damage caused by their activity.

73. As a direct and proximate result of this aforementioned hazardous and dangerous activity, Defendants caused injury to Plaintiffs and their property by their wrongful actions.

74. Defendants are accordingly strictly liable to Plaintiffs for all damages flowing from their conduct.

75. Based on the foregoing, the Defendants are liable to Plaintiffs in an amount to be determined at trial, plus interest, penalties and costs.

### COUNT VIII: VICARIOUS LIABILITY

76. The above numbered paragraphs are incorporated herein as if set forth fully below.

77. At all relevant times, Defendants owned, operated, and managed the compressor station at 170 Jackie Hollow Road, Liberty, Kentucky 42539.

78. At all times relevant herein, any workers involved in the noxious release of impurities and other pollutants, as well as the production of intolerable noise and vibrations generated from the operation of this facility, were acting as the agent of the Defendants.

79. Defendants are vicariously liable for the actions of agents involved in the noxious release of impurities and other pollutants, as well as the production of intolerable noise generated from the operation of this facility.

80. By reason of these actions, Plaintiffs' properties have been damaged.

81. By reason of these actions, Plaintiffs have been personally injured and suffered emotional distress.

82. Based on the foregoing, the Defendants are liable to Plaintiffs in an amount to be determined at trial, plus interest, penalties and costs.

### COUNT IX: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

83. The above numbered paragraphs are incorporated herein as if set forth fully below.

84. The conduct and actions of the Defendants have caused the Plaintiffs to suffer emotional distress.

85. The conduct and action of the Defendants was intentional or done in reckless disregard of the Plaintiffs and exceeded the bounds of common decency as would be observed in a civilized community.

86. The Defendants' actions constitute a continuing tort, as it involves a continuing or repeated injury to Plaintiffs.

87. By reason of those conditions, Plaintiffs have been personally injured and suffered emotional distress.

88. Based on the foregoing, the Defendants are liable to Plaintiffs in an amount to be determined at trial, plus interest, penalties and costs.

### COUNT X: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

89. The above numbered paragraphs are incorporated herein as if set forth fully below.

90. The Defendants owe a duty of ordinary care to the Plaintiffs, and the Defendants negligently breached their duties of ordinary care and caused mental distress and emotional injury to the Plaintiffs as a direct and proximate result of said negligence, and the Plaintiffs are entitled to compensation for the damages caused or contributed to by the negligence of the Defendants.

91. By reason of Defendants' actions, Plaintiffs have been personally injured and suffered emotional distress.

92. The Defendants' actions constitute a continuing tort, as it involves a continuing or repeated injury to Plaintiffs.

93. Based on the foregoing, the Defendants are liable to Plaintiffs in an amount to be determined at trial, plus interest, penalties and costs.

### COUNT XI: PUNITIVE DAMAGES

94. The above numbered paragraphs are incorporated herein as if set forth fully below.

95. At all relevant times, Defendants actions were grossly negligent, intentional, willful, wanton and in reckless disregard in its conduct towards Plaintiffs. This conduct caused injury to Plaintiffs and their property, entitling Plaintiffs to punitive damages.

96. Plaintiffs are also entitled to punitive damages pursuant to KRS 411.560(4).

97. Based on the foregoing, the Defendants are liable to Plaintiffs in an amount to be determined at trial, plus interest, penalties and costs.

WHEREFORE, the Plaintiffs pray as follows:

98. That the Plaintiffs be awarded a judgment against the Defendants for compensatory damages, stigma damages, pain and suffering, punitive damages, and/or nominal damages in an amount within the jurisdictional limit of the Court;

99. The Defendants be enjoined from operating the Clementsville Station without adequate noise, vibration, and odor controls;

100. That the Plaintiffs be awarded a judgment against the Defendants in the amount of the Plaintiffs' attorney's fees incurred in bringing this action;

101. Trial by jury of all issues so triable;

102. That the costs of this action be awarded to the Plaintiffs against the Defendants; and,

103. Any and all other relief to which the Plaintiffs may appear to be entitled.

Respectfully submitted,

_____
Randal A. Strobo, KBA No. 92767
Clay A. Barkley, KBA No. 93635

> STROBO BARKLEY PLLC
> 239 South Fifth Street, Suite 917
> Louisville, Kentucky 40202
> Phone: (502) 290-9751
> Fax: (502) 378-5395
> rstrobo@strobobarkley.com
> cbarkley@strobobarkley.com
>
> *Counsel for Plaintiffs*